UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20168-ALTONAGA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSEPH JULES PLANCHER,

       Defendant.

_____/

## CORRECTED MOTION TO EXCLUDE DNA EVIDENCE OR, IN THE ALTERNATIVE, TO COMPEL DISCLOSURE OF DNA EVIDENCE

Joseph Jules Plancher, by and through undersigned counsel and pursuant to Fed. R. Crim. P. 16(d)(2), hereby files this Motion to Exclude DNA Evidence or, the alternative, to Compel the Disclosure of DNA Evidence[1], and in support thereof states as follows:

---

[1] On December 3, 2024, at 9:19 PM, the Government emailed undersigned counsel and advised that the Government would be seeking a continuance in this case and that the Government will provide the requested DNA evidence on December 4, 2024. Undersigned replied that the defense has no objection to the continuance; however, given the December 3 motion deadline and the fact that the motion to continue has not yet been filed, Mr. Plancher files this Motion in an abundance of caution in order to preserve any objections to the admission of undisclosed DNA evidence at trial.

<h1 style="text-align:center">BACKGROUND</h1>

1. On August 13, 2024, Plancher was charged in a Superseding Indictment. [DE:28].

2. Before being charged, on May 31, 2024, the Government obtained a warrant for Mr. Plancher's DNA, and was ordered to execute the warrant by June 13, 2024.

3. The FBI's DNA Laboratory Report is dated July 17, 2024. Thus, the Government has been in possession of DNA-related evidence for the last four and a half months.

4. The Government has produced **some** discovery to undersigned counsel, including the ten-page DNA report on September 20, 2024. [DE:46] (Government's Third Response to the Standing Discovery Order).

5. As noted in Mr. Plancher's previous motion to continue and the sealed motion seeking authorization for expert witness fees filed October 24, 2024,[2] Mr. Plancher intends to offer rebuttal expert testimony concerning the DNA. However, the Government has significantly frustrated the defense's ability to

---

[2] This Court referred the sealed motion to the Magistrate Judge on October 25, 2024. The hearing was conducted on November 1, 2024, and a Report and Recommendation was issued the same day. [DE:58]. This Court signed an Order granting the expert expenses on November 1, 2024. [DE:59].

prepare a defense regarding the DNA evidence by failing to disclose necessary analysis reports despite the defense's requests for it to do so.

6. On November 7, 2024, undersigned sent an email to the Government listing the specific underlying documents necessary for the defense's expert to analyze the DNA.

7. Undersigned followed up with the Government regarding this request. In response, the Government stated that it would be providing a Fifth Discovery Production on or before Thanksgiving. The Government still has not produced that Fifth Production.

8. Trial in this matter is currently scheduled for December 30, 2024.

9. For the reasons set forth below, this Court should exclude the DNA evidence or, in the alternative, compel the Government to turn over the requested evidence.

### MEMORANDUM OF LAW

Fed. R. Crim. P. 16(d)(2)(C) provides that if a party fails to comply with the discovery rules, the court may "prohibit that party from introducing the undisclosed evidence." The purpose of Rule 16 is "to protect the defendant's rights to a fair trial." *United States v. Noe*, 821 F.2d 604, 607 (11th Cir. 1987) (quoting *United States v. Rodriguez*, 799 F.2d 649, 652 (11th Cir. 1986). "The degree to which those rights

suffer as a result of a discovery violation is determined not simply by weighing all the evidence introduced, but rather by considering how the violation affected the defendant's ability to present a defense." *Noe*, 821 F.2d at 607 (citing *United States v. Pascual*, 606 F.2d 561, 565-66 (5th Cir. 1979); *United States v. Padrone*, 406 F.2d 560, 561 (2d Cir. 1969).

Here, the defense specifically requested the underlying documents that supported the Government's DNA analysis. "[I]f the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge." *United States v. Agurs*, 427 U.S. 97, 106 (1976). Certainly, DNA evidence that purports to link Mr. Plancher to the alleged offenses is material. Unless the defense can offer rebuttal expert testimony, the jury will likely weigh the DNA evidence very heavily. But the defense's DNA expert cannot possibly provide a complete and accurate analysis if the expert does not have the material needed to conduct such analysis.

Moreover, there is no excuse for the Government's failure to turn over the requested information. The DNA was collected, per warrant, in approximately June 2024. The FBI Laboratory Report provided by the Government is dated July 17, 2024. The Government did not provide this report until its third discovery production in September 2024. The Government still has not provided the underlying documents

requested which are necessary for the defense expert to review. This delay is not justified. Failure to turn over evidence that ***must*** be in the Government's possession (as it was used by the FBI in analyzing the DNA) prevents the defense from preparing rebuttal expert testimony on a crucial category of evidence. The defense has done everything in its power to obtain the evidence so that the case may proceed to trial. This Court should therefore exclude the DNA evidence. In the alternative, this Court should order the Government to immediately turn over the requested evidence to the defense.

WHEREFORE, based on the foregoing, Mr. Plancher respectfully requests this Court exclude the Government's DNA evidence at trial.

Respectfully submitted,

***S. PATRICK DRAY, P.A.***
11900 Biscayne Blvd., Suite 459
North Miami, FL 33181
Tel: (305) 379-4501
Fax: (786) 513-2244

By: /s/ *S. Patrick Dray*
S. PATRICK DRAY, Esq.
FLORIDA BAR NO.: 0180157
pat@patdray.com

By: /s/ *Jonathan Freidman*
101 N.E. 3rd Avenue
Suite 1500

Fort Lauderdale, FL 33301
954-713-2820
Fax: 754-301-5109
Email: JFriedmanlawfirm@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.

## CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY** that on December 4, 2024, undersigned counsel conferred with counsel for the Government. The Government's position is that this motion is moot because the Government is in the process of turning over the requested evidence. However, because the evidence has not been disclosed and no motion to continue has been filed, the defense files this motion to preserve any and all objections to the introduction of the undisclosed DNA evidence.

By: /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.